**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**BRIGGS MANUFACTURING COM-
PANY, Defendant-Third Party
Plaintiff-Appellant,**

v.

**B. G. TOOMBS, d/b/a Toombs Steel
Company, Third Party Defendant-
Appellee.**

**Nos. 25860, 25886.**

United States Court of Appeals,
Ninth Circuit.

May 3, 1972.

---

William D. Appler (argued), Alan S. Rosenthal, L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C.; Stan Pitkin, U. S. Atty., Albert Stephan, Asst. U. S. Atty., Seattle, Wash., Frederick F. Burgess, Jr., Admiralty & Shipping Section, San Francisco, Cal., Morton Hollander and William D. Ruckelhaus, Asst. Atty. Gen., Robert V. Zener, Washington, D. C., for appellant.

Stanley J. Burkey (argued) of Burkey, Marsico, Rovai & McGoffin, Tacoma, Wash., for appellee.

Bruce Rinker (argued) of DeGarmo, Leedy, Oles & Morrison, Seattle, Wash.,

**1196**

Jay Hodges, of Curran & Hodges, Fairbanks, Alaska, for third party defendant.

Before CHAMBERS and HUFSTEDLER, Circuit Judges, and MURRAY*, District Judge.

## ORDER OF AFFIRMANCE AND MODIFICATION

PER CURIAM.

■ The United States brought this action to recover for freight, lighterage and longshoring, and terminal charges, from Briggs for a shipment from Seattle to Point Barrow, Alaska. The trial court found for the United States on several grounds. We need not discuss them all, for it is clear that, from the findings of the court which are not clearly erroneous, Briggs is bound by custom and usage of the business (Hostetter v. Park, 137 U.S. 30, 11 S.Ct. 1, 34 L.Ed. 568) and as the charge made by the government was in accordance therewith, the judgment in that regard must be and is affirmed.

■ The judgment for the government only allowed interest to December 19, 1969, when judgment was entered. The government is entitled to post-judgment interest. 28 U.S.C. § 1961. The judgment is ordered modified to provide for post-judgment interest on the entire judgment as rendered.

■■ The defendant Briggs filed a third-party complaint against Toombs, alleging that by its contract with Toombs it was entitled to judgment against Toombs for all sums adjudged against Briggs in favor of the United States. Among other findings the court found that as an inducement for Toombs to purchase the housing involved, Briggs quoted prices on freight, terminal, longshoring and lightering charges. And while these quotations were "estimated", both parties anticipated they would be reasonably accurate and Toombs was entitled to rely on the estimate. These findings are not clearly erroneous. The State of Washington recognizes the doctrine of equitable estoppel. Kessinger v. Anderson, 31 Wash.2d 157, 196 P.2d 289 (1948). There are sufficient factual findings to support the decision of the district court that Briggs must bear the loss under the doctrine of equitable estoppel.

The judgment of the district court on the third-party complaint is affirmed.